**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel BERNAL–PEREZ,**
**Defendant–Appellant.**

**No. 11–11591**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 2012.

William L. McKinnon, Jr., Jane Elizabeth McBath, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Rolf A. Jones, Rolf A. Jones & Associates, PC, Jonesboro, GA, for Defendant–Appellant.

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Bernal–Perez pleaded guilty to one count of possession of firearm by an

illegal alien in violation of 18 U.S.C. § 922(g)(5). The presentence investigation report recommended a base offense level of 22 under United States Sentencing Guidelines § 2K2.1(a)(3) (Nov.2010). The PSR added 2 levels under § 2K2.1(b)(1)(A) because the offense involved four firearms; 4 levels under § 2K2.1(b)(5) because Bernal–Perez had engaged in firearm trafficking; and 4–levels under § 2K2.1(b)(6) because he possessed a firearm in connection with drug distribution. The PSR subtracted 3 levels under § 3E1.1 for acceptance of responsibility, which resulted in a total offense level of 29, and it determined that he had a criminal history category of III. For that reason, it recommended a guidelines range of 108 to 120 months in prison. Bernal–Perez did not file any objections to the PSR.

At sentencing the government asked the district court to remove the 4–level drug-distribution enhancement under § 2K2.1(b)(6). The court asked Bernal–Perez's lawyer if he wanted to make any argument on his client's behalf, and Bernal–Perez's lawyer said, "No, Your Honor. We would ask that you accept the guideline recommendation as proposed by the United States with the adjustment." The court removed the 4–level enhancement under § 2K2.1(b)(6) and calculated a total offense level of 25, a criminal history category of III, and a guidelines range of 70 to 87 months in prison. The court sentenced Bernal–Perez to 84 months in prison, followed by 36 months of supervised release.

Bernal–Perez appeals, contending that the district court miscalculated his guidelines range. He argues that there was not enough evidence to support the 4–level enhancement for firearm trafficking under § 2K2.1(b)(5). At sentencing, however, Bernal–Perez asked the court to "accept the guideline recommendation as proposed by the United States with the adjustment,"

and the court did as Bernal–Perez asked. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross,* 131 F.3d 970, 988 (11th Cir.1997) (quotation marks omitted). If a "party induces or invites the district court into making an error," *United States v. Stone,* 139 F.3d 822, 838 (11th Cir.1998), "it precludes a[n appellate] court from ... reversing," *United States v. Silvestri,* 409 F.3d 1311, 1327 (11th Cir.2005) (quotation marks omitted). Because Bernal–Perez invited the district court to apply the § 2K2.1(b)(5) enhancement, we do not reach the merits of his argument that court erred in doing so. *See id.*

**AFFIRMED.**